# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 30, 2010

Lyle W. Cayce
Clerk

No. 10-20394
Summary Calendar

DANIEL K. JOHNSON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1261

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel K. Johnson, Texas prisoner # 274157, has applied for a certificate of appealability (COA) for an appeal from the district court's judgment dismissing his application for a writ of habeas corpus challenging the 2008 decision of the Texas Board of Pardons and Paroles (Parole Board) denying him release on parole. Johnson raises the following substantive issues: (1) whether the Parole Board violated the Ex Post Facto Clause by applying parole statutes,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines, rules, customs and practices that were not in effect at the time of Johnson's conviction and sentencing; (2) whether Johnson's rights to due process, to equal protection, and against ex post facto laws were violated because the Parole Board did not rely on an adequate report on his future dangerousness based on the findings of a psychologist or psychiatrist; (3) whether the Parole Board was qualified to assess Johnson's future dangerousness; (4) whether the revised Parole Guidelines considered by the Parole Board in determining Johnson's risk of recidivism were based upon acceptable research; (5) whether the Parole Board retaliated against Johnson for various lawsuits he has filed against the Parole Board; (6) whether the Parole Board's no-tolerance policy for persons serving life sentences for aggravated rape violated Johnson's right to due process; (7) whether the Parole Board violated Johnson's right to due process by administratively finding him guilty of five unadjudicated offenses, and by disregarding the fact that the limitation period as to those offenses had lapsed; (8) whether Johnson was harmed by judicial construction of criminal statutes enacted after his offense; and (9) whether Johnson was denied credit for good time and calendar time served in violation of his equal protection rights. Johnson contends also that the district court erred in denying his motions for discovery and for an evidentiary hearing and his motion for relief from the judgment.

Because Johnson has not shown that jurists of reason could find it debatable whether the district court committed a substantive or procedural error in dismissing his habeas application, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the request for a COA is DENIED.

The district court refused to grant Johnson permission to pursue his retaliation claim under 42 U.S.C. § 1983 because he was a sanctioned litigant with an unpaid $250 sanction. Although Johnson asserts correctly that the sanction has now been paid, the sanction prohibited Johnson from filing new actions before paying the sanction or obtaining leave of court. As he did neither,

No. 10-20394

the district court did not abuse its discretion in denying permission.  The district court's judgment is AFFIRMED.